IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CAROL D. BROOKS §
§
V. § CASE NO. 4:15-CV-528
§
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION §

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on October 29, 2012 claiming entitlement to disability benefits due to back pain (Tr. 180-194, 348, 377). Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ). Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert testified.

On February 26, 2014, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on June 2, 2015. Therefore, the February 26, 2014 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.

2. The claimant has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date (20 CFR 404.1571, *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic low back pain moderate to severe, narrowing at L4-5, and facet arthritis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that from January 1, 2009, her alleged disability onset date, to May 3, 2012 the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The undersigned further finds that from may 3, 2012, through the date of this decision the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b).

6. The claimant is capable of performing past relevant work as a bench assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 11-17).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

**ANALYSIS**

Plaintiff sets forth one point of error. Plaintiff argues that the ALJ erred at step four in finding that Plaintiff has retained the ability to perform her past relevant work as a bench assembler. Plaintiff testified that some of her past relevant work involved rebuilding alternators which was a sedentary job not requiring lifting over 10 pounds. Tr. 33-34. She also testified that she worked as an assembler which was sedentary and required no lifting over 10 pounds. Tr. 31.

The ALJ found that Plaintiff could perform her past work as a bench assembler as she performed it and is generally performed in the national economy requiring an exertion capacity of sedentary to light. Plaintiff takes issue with this finding as it relates to the period after May 3, 2012, when she was confined to sedentary work.

In her testimony, the VE testified that, prior to May 3, 2012, Plaintiff could perform the work of a bench assembler and material handler at the light work level. Tr. 47. She also testified that Plaintiff could perform her work as an alternator assembler at the sedentary level. *Id*. The VE stated that there was one job she practiced at the sedentary level. Tr. 48. On cross, the VE stated that there are sedentary bench assembler jobs. The bench assembler job encompasses assembling small parts to make other things. *Id.* This is what Plaintiff testified that she did in respect to assembling alternators.

Plaintiff bears the burden of showing that any error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396 (2009). Procedural perfection is not required. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

Plaintiff's testimony indicates that she could perform her past relevant work at the sedentary level. DOT 706.684-022 is titled an Assembler, Small Products I (any industry) alternate titles: bench assembler. The title describes the repetitive assembling of a number of automobile parts, which is exactly the job performed by Plaintiff at the sedentary level. That job was one of a bench assembler. Therefore, the ALJ's decision was supported by the evidence of record.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

SIGNED this 23rd day of August, 2016.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE